IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

SEMEIN CRUZ,

     Petitioner,

v.

UNITED STATES OF AMERICA,

     Respondent.

Civil Case 2:24-CV-112-Z
(Criminal Case 2:22-CR-107-Z-BR-1)

## MEMORANDUM OPINION AND ORDER DENYING
## MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE

Petitioner Semein Cruz filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. Section 2255 by a person in federal custody ("Motion"). ECF No. 2. Having considered the motion and the response thereto, the record, and applicable authorities, the Court hereby **DENIES** the Motion for the reasons stated below.

**BACKGROUND**

The record in Cruz's underlying criminal case, No. 2:22-CR-107-Z-BR-1 (the "CR"), shows the following:

On January 3, 2023, Cruz pleaded guilty to one count of Possession With Intent to Distribute Methamphetamine, in violation of 21 U.S.C. Section 841(a)(1) and (b)(1)(C). CR ECF Nos. 32, 53. After Cruz's guilty plea, the probation officer prepared a presentence report ("PSR"), showing that Cruz's criminal history was Category III and his base offense level was 36. CR ECF No. 36-1 ¶¶ 22, 42. After reductions for acceptance of responsibility, his total offense level was 33 and his sentencing guideline range was 168 to 210 months. *Id.* ¶¶ 29-31, 96. On May 2, 2023, the Court varied upward from the guideline range and sentenced Cruz to a term of imprisonment of 240 months, followed by three years of supervised release. CR ECF No. 41. Cruz filed a direct appeal, which was dismissed by the

Fifth Circuit as frivolous on September 27, 2023. CR ECF No. 56.

On May 21, 2024, Cruz timely filed this motion to vacate, alleging that his trial counsel was ineffective for:

(1)     failing to investigate whether a drug-detection dog used to establish probable cause for a warrantless search of Cruz's luggage was reliable, and failing to file a related motion to suppress evidence found during the search;

(2)     failing to investigate Cruz's criminal history and failing to "properly object" to the upward sentencing variance due to the allegedly inadequate supporting criminal history; and

(3)     failing to investigate the credibility of officers involved in the warrantless search of his luggage, and failing to file a related motion to suppress evidence found by the officers during the search.

CR ECF No. 66; ECF No. 2 at 4-7. The government responded, alleging that Cruz's requests for relief are meritless. ECF No. 5.

LEGAL STANDARD

After conviction and exhaustion or waiver of a defendant's right to appeal, courts are entitled to presume that the defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164–65 (1982); *United States v. Shaid*, 937 F.2d 228, 231–32 (5th Cir. 1991) (same). A defendant can challenge his conviction or sentence after it is presumed final only on issues of constitutional or jurisdictional magnitude, and may not raise an issue for the first time on collateral review without showing both cause for his procedural default and actual prejudice resulting from the errors. *Id.* at 232.

Section 2255 does not offer recourse to all who suffer trial errors. "[A]n error that may justify reversal on direct appeal will not necessarily support a collateral attack on a final judgment." *United States v. Addonizio*, 442 U.S. 178, 184 (1979). Section 2255 is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice.

2

*United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 333, 345 (1974); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack. *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v. United States*, 575 F.2d 515, 517–18 (5th Cir. 1978)).

Section 2255 motions do not automatically require a hearing. *United States v. Hughes*, 635 F.2d 449, 451 (5th Cir. Unit B Jan. 1981); *see also* Rule 8 of the Rules Governing Section 2255 Proceedings. "When the files and records of a case make manifest the lack of merit of a Section 2255 claim, the trial court is not required to hold an evidentiary hearing." *Hughes*, 635 F.2d at 451. A prisoner is not entitled to an evidentiary hearing unless he or she "presents 'independent indicia of the likely merit of [his] allegations.'" *United States v. Reed*, 719 F.3d 369, 373 (5th Cir. 2013). The Court has reviewed the record and concluded that an evidentiary hearing is not necessary because the record categorically refutes Cruz's claims, as set forth below.

### ANALYSIS

Cruz alleges that his counsel was ineffective. To prevail on an ineffective assistance of counsel claim, a movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Id.*; *see also United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000) ("Failure to meet either the deficient performance prong or the prejudice prong

3

will defeat a claim for ineffective assistance of counsel."). Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

"Surmounting *Strickland*'s high bar is never an easy task." *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010). The likelihood of a different result "must be substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the petitioner must overcome a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689.

Cruz's claims primarily arise from the circumstances that led to his arrest. On October 1, 2022, Amarillo Police Officer McCarrell was working a bus interdiction at the Greyhound Service Station in Amarillo, Texas. CR ECF No. 27 at 2. His drug-detection dog conducted a free-air sniff in the cabin of a commercial bus and alerted to the presence of narcotics in luggage located on seat number 10 of the bus. *Id.* Officer McCarrell then conducted a probable cause search of the luggage and found ten Ziploc bags containing 4.41 kilograms of a substance that later tested positive for methamphetamine (4.23 kilograms of methamphetamine actual). *Id.*; ECF No. 36-1 at 5. Cruz subsequently was charged in connection with the drugs found in the luggage.

### I. Issues Related to Luggage Search (Grounds One and Three).

In his first claim for relief, Cruz alleges that his trial counsel was ineffective for failing to investigate the reliability of the canine whose free-air sniff was the basis for the

4

warrantless search of his luggage. Specifically, he alleges that such investigation "would have provided evidence that [the] K-9 used to establish probable cause for [the] warrantless search was not reliable." ECF No. 2 at 4. With such evidence, counsel "could have successfully moved to suppress the evidence that supported the charges in this case." *Id.* He also alleges that counsel was ineffective for failing to file a motion to suppress based on the dog's alleged unreliability. *Id.*

Similarly, in his third claim for relief, Cruz also alleges that trial counsel failed to investigate the credibility of the Amarillo police and Drug Enforcement Agency officers involved in the search. *Id.* at 7. He states that such investigation "would have provided evidence that the officers involved in the search were not credible." *Id.* He also alleges that counsel was ineffective for failing to file a motion to suppress based on the credibility of the officers. *Id.* For the reasons stated below, Cruz has failed to show that he is entitled to habeas relief on these issues.

### A. Failure to Investigate the Reliability of Law Enforcement Officers

A defendant who alleges a failure to investigate on the part of his counsel "must allege with specificity what the investigation would have revealed and how it would have altered the outcome." *United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989); *see also United States v. Talamini*, 2013 WL 1197926 at *3 (N.D. Tex. 2013) (Habeas claim fails because "[m]ovant does not identify any further information that counsel could have uncovered that would have favorably changed the outcome of his case."). Cruz does not allege what, if anything, an investigation into the credibility of the dog or the officers would have discovered that would have changed the outcome of his case. "Mere conclusory allegations in support of a claim of ineffective assistance of counsel are insufficient to raise a constitutional issue." *Green v. Johnson*, 160 F.3d 1029, 1042 (5th Cir. 1998). "Absent evidence in the record, a court

5

cannot consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition (in state and federal court), unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value." *Ross v. Estelle*, 694 F.2d 1008, 1011–12 (5th Cir. 1983).

Cruz provides nothing more than conclusory allegations that an investigation "would have" found that the officers involved in the luggage search, both human and canine, were unreliable. He does not allege facts that an investigation would have uncovered to support his allegations of unreliability. Accordingly, his claim that counsel was ineffective for failing to investigate fails.

### B. Failure to File Motions to Suppress

Cruz's allegations that counsel was ineffective for failing to file motions to suppress is equally unavailing. On habeas review, federal courts do not second-guess an attorney's decisions through the "distorting effects of hindsight," but rather, courts must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Strickland,* 466 U.S. at 689. A movant cannot succeed in an ineffective assistance of counsel claim by making conclusory allegations that counsel failed to file motions, make objections, or to follow instructions. *See United States v. Demik*, 489 F.3d 644, 647 (5th Cir. 2007). "The filing of pretrial motions falls squarely within the ambit of trial strategy." *Murray*, 736 F.2d at 283. In short, "[a] conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness." *Green v. Johnson*, 116 F.3d 1115, 1122 (5th Cir. 1997).

6

Cruz's allegations do not indicate the existence of "obvious unfairness." *See Medrano v. United States,* No. 3:08-CV-2250, 2009 WL 1181070 at 2 (N.D. Tex. May 1, 2009) (denying motion where movant "lists numerous types of pre-trial motions that trial counsel could have filed, [but] fails to provide any details whatsoever as to the applicability of any of the mentioned motions"). Cruz has provided no evidence that counsel's decision to not file motions to suppress was anything other than trial strategy, especially since he has alleged no valid basis for such motions.

Counsel's decision to not file a motion to suppress was a reasonable strategy, since such motions would have been futile. "Counsel is not required to engage in the filing of futile motions." *Murray,* 736 F.2d at 283. Cruz has provided no evidence that calls into question the reliability of the officers involved. Further, Cruz had no reasonable expectation of privacy while riding on a commercial bus, except as to his own luggage, so he would not have standing the challenge the canine sniff that occurred in the cabin of the bus. *See United States v. Wise,* 877 F.3d 209, 218 (5th Cir. 2017) ("Passengers have no reasonable expectation of privacy with respect to the bus's cabin."). In addition, "a dog 'sniff' is not a search." *United States v. Seals,* 987 F.2d 1102, 1106 (5th Cir. 1993) (citing *United States v. Hernandez,* 976 F.2d 929 (5th Cir. 1992); *United States v. Gonzalez–Basulto,* 898 F.2d 1011, 1013 (5th Cir. 1990); *United States v. Place,* 462 U.S. 696 (1983)).

Once the canine alerted to Cruz's luggage, officers had probable cause to search it. *United States v. Sanchez-Pena,* 336 F.3d 431, 444 (5th Cir. 2003) ("We have repeatedly affirmed that an alert by a drug-detecting dog provides probable cause to search . . . [and] a showing of the dog's training and reliability is not required if probable cause is developed on site as a result of a dog sniff of a vehicle."). The warrantless search of Cruz's bag was proper under the automobile exception to the warrant requirement. *California v. Acevedo,* 500 U.S.

565, 573 (1991) (holding automobile exception applies to warrantless search of closed container in a mobile vehicle when officers have probable cause to search that container); *United States v. Rodriguez-Lara*, 678 F. App'x 232, 233 (5th Cir. 2017) (Probable cause from a K-9 officer's free air sniff on a bus "permitted a warrantless search of the luggage pursuant to the automobile exception to the warrant requirement"). Accordingly, counsel's decision not to file a motion to suppress was reasonable, and Cruz has not alleged any facts or provided evidence showing that such motions would have been successful. His claim that counsel was ineffective for failing to file motions to suppress is without merit.

### II. Cruz's Criminal History and Upward Variance (Ground Two).

Cruz next alleges that counsel was ineffective for failing to investigate the criminal history recounted in the PSR that was used by the Court to vary upward from Cruz's sentencing guideline range, and for failing to "properly object" to the upward variance due to the allegedly inadequate supporting criminal history. ECF No. 2 at 5.

As shown above, Cruz must allege with specificity what an investigation would have revealed and how it would have changed his sentence. He does not. He simply claims that counsel failed to uncover unspecified evidence that would have formed a basis to successfully challenge his Category III criminal history. He does not show how his criminal history was inadequate, what facts an investigation would have discovered, or how those facts could have been used to successfully argue against an upward variance. Such conclusory allegations are meritless.

Equally meritless is his allegation that counsel failed to "properly object" to the upward sentencing variance imposed by the Court. The record shows that counsel objected to an upward variance on multiple occasions at the sentencing hearing. *See* CR ECF No. 52 at 6–8, 17–19. At sentencing, the Court indicated its tentative decision to upwardly vary "to

8

provide [Cruz] with a full and complete opportunity to object to the upward variance." *Id.* at 4. Counsel then objected to both an upward variance and to the Court relying on paragraphs 45 and 50 of the PSR as the basis for the upward variance.[1] *Id.* at 4, 6-8. Specifically, counsel objected that these paragraphs failed to show that two events in his criminal history resulted in convictions. *Id.* at 17–20. Later in the hearing, counsel again objected to an upward variance. *Id.* at 17–19 ("[W]e would urge the Court to stay within the guideline range and sentence him within the 168 to 210 months."). Although counsel's objections were untimely under the Court's scheduling order, the Court considered her argument on its merits. *Id.* at 8, 10, 13–14. In short, Cruz's counsel made the very argument that Cruz now contends she failed to make.

The Court sentenced Cruz to 240 months based on the Section 3553(a) factors as outlined in the sentencing hearing. *Id.* at 14–17. The Court specifically addressed—and denied—counsel's argument that Cruz's Category III criminal history was unsupported by the record. *Id.* at 14, 17-20. The fact that counsel's challenges to the upward variance were unsuccessful does not render counsel ineffective. *See, e.g., Youngblood v. Maggio,* 696 F.2d 407, 410 (5th Cir. 1983) ("The fact that trial counsel was unsuccessful in his efforts does not constitute, in light of the entire record, a basis for habeas corpus relief."); *see also Jones v. United States,* No. 3:19-cv-1461, 2021 WL 5017342 (N.D. Tex. 2021) ("Habeas relief is not warranted where, as here, counsel tried but was not successful in his efforts to persuade the court."). Cruz's counsel capably argued against an upward variance throughout the sentencing hearing. She was merely unsuccessful, not constitutionally ineffective.

---

[1] Although counsel only mentioned paragraphs 45 and 50 in her objection, the Court construed the objection as pertaining to the entirety of Part E of the PSR. CR ECF No. 52 at 10 (overruling Cruz's "objection to PSR paragraph 45 and Part E" of the PSR).

9

In addition, because the Court fully considered counsel's untimely objections, Cruz suffered no prejudice. *See, e.g., United States v. Nunez*, No. CIV A H-04-2367, 2006 WL 2796463, at \*30 (S.D. Tex. Sept. 25, 2006), *report and rec. adopted*, No. CIV A H-04-2367, 2007 WL 2873188 (S.D. Tex. Sept. 28, 2007) (finding neither deficient performance nor prejudice when counsel asserted potentially untimely PSR objections, yet the court was "familiar with the objections to the PSR" and defendant's motion for downward departure); *see also Pena v. United States*, No. 4:21-CV-398, 2021 WL 2920616 at \*4 (N.D. Tex. July 12, 2021) (holding that defense counsel's failure to file a motion for extension of time to file PSR objections results in no prejudice where the court considered the untimely objections); *United States v. Garcia-Ramirez*, No. CV L-11-79, 2012 WL 13089428 at \*3 (S.D. Tex. June 8, 2012) ("When defense counsel files objections to a PSR out of time, a defendant cannot show prejudice under *Strickland* if the sentencing court considers the substance of the objections or grants leave to file the objections at the sentencing hearing.").

To prevail on his motion, Cruz must show that "there is a reasonable probability that" the result of his sentencing would have been different but for his counsel's alleged error. *Strickland*, 466 U.S. at 694. He fails to do so. In fact, the Court stated that, even if Cruz's objections had been timely, it would have overruled his objections and found that the PSR paragraphs relied upon by the Court bore sufficient indicia of reliability to rely on them in upwardly varying. *See* CR ECF No. 52 at 10 ("Defendant's objection to PSR paragraph 45 and Part E are overruled for the reasons stated by the government at sentencing, and also for the reasons appearing in black-letter Fifth Circuit law that states that these PSR paragraphs may be relied upon at sentencing for the reasons given.").

In addition, the Court noted that, even if Cruz's objection had been sustained as to PSR paragraphs 45, 50, and Part E, it would have imposed the same upward variance based

10

on the conduct described in PSR paragraphs 35, 38, 48, and 49. (*Id.* at 16, 20, 25, 33). Cruz has not shown that his counsel's failure to "properly object" to the criminal history "used for upward [variance] purposes" impacted his ultimate sentence. ECF No. 2 at 6. Accordingly, Cruz is not entitled to habeas relief on this basis.

For the reasons stated above, Cruz's motion to vacate is **DENIED** with prejudice.

**SO ORDERED**.

July ___, 2025

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE

11